**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA P. WACK, | No. 10-16211 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01739-ROS |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted October 14, 2011[**]
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The administrative law judge's final decision was supported by substantial evidence and was free of reversible legal error. See Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995). The ALJ did not err in finding Appellant's testimony not fully credible. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (concluding that activities of daily living, including cooking, house cleaning, doing laundry, and helping husband manage finances, supported ALJ's credibility determination). The ALJ's assessment of Appellant's residual functional capacity was supported by substantial evidence and free of reversible legal error. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). The ALJ's finding that Appellant could perform jobs that exist in substantial numbers in the national economy was supported by substantial evidence and free of reversible legal error. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The hypothetical that the ALJ posed to the [vocational expert] contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record."). The ALJ adequately informed Appellant of her right to counsel and Appellant suffered no prejudice resulting from her lack of representation. See Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) ("Lack of counsel does not affect the validity of the

2

hearing unless the plaintiff can demonstrate prejudice or unfairness in the administrative proceedings.").  Finally, the ALJ adequately developed the administrative record.

AFFIRMED.